Good morning. Good morning, Your Honor. Ethan Bala for the appellant Erik Peters. I'm going to begin, given that Lindsay, though the mandate hasn't issued, has been decided and affects the first issue substantially. I'm going to move right on to the withdrawal of the plea issue, and I'd like to begin with an argument about the Nichols change, the intervening change in law in 2013, when Congress amended the statute 2423C to reach individuals that were not traveling abroad but had resettled abroad, resided abroad. But to get to that, there's also an appeal waiver, right? There is, and there's two reasons why the government cannot enforce it in this case. One, the plea is invalid because there was no quid pro quo alleged. And the government's main argument on that point is the plea agreement said he was pleading to commercial sex under F-2, so that ends the analysis, and I think they're incorrect. That's the legal basis, but that's why we need a factual basis. For example, if the judge followed up and said, well, you're pleading guilty to commercial sex, what did you do? He had seven counts, and he pled to two. Yes, but this is why there's a waiver. Now, why is that a better deal? Well, because I don't think we evaluate it as a better deal. And can I get there for a second? That's the holistic argument, but I want to finish why there's no breach they can enforce, if I may, Your Honor. So if the judge followed up and said, why do you think you're guilty of the F-2 commercial offense? And he said, well, I went to dinner with my girlfriend, and later on that evening, we had sex. And there's no quid pro quo. That's not commercial sex. That's dating. But didn't they charge him with both, commercial and non-commercial? Right, but the plea was supposedly for the commercial sex, unless the government's arguing, and so they didn't get that. So that's why they can't enforce the waiver. I think that you're talking fast, and I'm trying to keep up. And I think you have some colorable arguments that the motion to withdraw perhaps could have been decided differently and should have been decided differently. I'm going to tell you that I think you have some strong arguments there. But I agree with Judge Callahan. There's an appellate waiver here. So if you can slow down for me, this is the pivot point. And I don't understand why you think there's an inadequate factual basis. Well, I think it's inadequate because for commercial sex, you have to establish a quid pro quo. And when we look at the subsequent plea agreement, the government recognized that and changed the verbiage of I gave the gift on account of we were going to have sex for it. But let's say I'm wrong and I don't persuade you. So you asked me to make the inference because they sort of buttoned it down the second time around that the first time was inadequate? Yes. The factual basis on its face is inaccurate because nowhere in the plea colloquy or plea agreement is a quid pro quo alleged. And in the absence of quid pro quo. Now, of course, you never argue this in a district court. I never showed up in the district court, Your Honor. Your client didn't have it argued for him. He did it. So we have plain air review here. No, no, no. I'm acting defensively to stop the enforcement of a waiver that they could have waived. They didn't waive. They've sought application of a waiver. But you never raised this factual basis argument in the district court. You don't get to walk in here and argue it. Oh, I'm not arguing it as a reason to reverse. I'm arguing it defensively against an assertion of waiver. I most certainly may do that. We've cited in the footnote this court's case law that the government asserts a waiver. I can defend against it now. The second reason is the government has waived their right to it because what they say in the plea agreement is. You mean waived the right to enforce the waiver? Yes. And the reason that is true is the government's argument and the case comes to you as by acting. The plea agreement itself preserved the right to challenge the constitutionality under the noncommercial prompt. And the government's argument is that very agreement, by entering the agreement which preserved it, actually waived it. Sub silentio. It was a waiver. And this is the government's language in its brief. Here, defendant's guilty plea waived any claim that the statute is unconstitutional as applied to him. That's the answering brief at 19. So the very plea agreement. Don't they mean foreclosed? No, it means waived. Their argument is we waived it. We can't even raise it because by pleading guilty, we took away all the predicates. And if you're saying the plea agreement preserved something. Counsel, you preserved the right to argue the Foreign Commerce Clause issue on appeal. And they said the issue was waived because of the entry of the plea. That's their argument. It's a terrible argument. I'm not saying it's right, but. Your position is from there, your springboard is now they've breached the. They've breached the agreement and now they can't enforce what they sought to enforce. It may have not been the correct choice, but it was a choice they made. And there's consequences for choices. That's one of the things this court deals with every day. Consequences for choices you make. And when you say the defendant has waived his right to challenge the constitutionality of a statute, based on the agreement that preserved it, you're not meeting your bargain term. You could have said we want to win on the merits alone. They made a broader argument than that. And the consequence of that broader argument is, one thing, we get to argue the withdrawal pieces. I didn't tell Judge Callahan out of the gate I'm going to try to save two, which gives me three left. So what I like to say on Nichols is the three main errors are the 2013 amendment changed the law. And Judge Snyder clearly got it wrong in her order denying relief. She says that the 2008 conduct was reached by the revised statute. Pepe says Judge Snyder was wrong in that. That's legal error per se abuse discretion. Two, she takes what I think I'm getting back finally to your question, Judge Callahan, this holistic approach, wasn't it a good deal? I don't think so, but I don't think that's the correct prism under Garcia or Garcia-Lopez. The prism is whether he had a plausible reason to motivate him to demand a trial, not whether the court thought it was a bad idea. And that's what the judge said. And Judge Snyder might be right. Pepe, remember, got 30 years per count, stacked seven in a row, 210 years. He might have wanted Mr. Peter's deal. But that was Mr. Peter's decision to make. And so I think the holistic approach is also Mr. Peter's exposure under the seven count. 210 years, plus 10 consecutive for the 2260A violation. And that's why his deal was a guideline sentence plus eight. So we want to say the whole deal was holistic. It was, but they were giving him almost the entire extra 10 years after the guidelines because of the 2260A charge count seven. And that's the second reason to withdraw because that went away when the Supreme Court decided Nichols in 16. And that showed that the registration with the present tense adoption of the statutory language, he wasn't required to register, he wasn't subject to 10 consecutive, and he should have gotten a guideline sentence, which is why they ultimately offered a guideline sentence, which is the last point. It was plausible he would turn down this deal because he turned down a better deal, and Judge Snyder knew it. Even if you don't accept the new plea agreement, she was informed the government extended a sweeter offer, and he said, no, let me withdraw and go to trial. Okay. Let me say, you talk fast. Yes, Your Honor. You talk fast. And I hear your words. Thank you, Your Honor. But I'm trying to make them responsive to what our questions are. Yes, Your Honor. So you're saying that 2432, the amendment that somehow that it would be, that it would provide a fair and just result for him to withdraw the plea. But, okay, the amendment goes to the residency issue, right? Yes. And so my understanding of the amendment is it sort of closes a loophole and casts a wider net of people that were claiming that were kind of escaping the tentacles of prosecution because they were saying they were a resident. It broadens the statute to each resident. I don't see that your client has a strong argument of being a resident here. Well, okay, I'll finish with that question, then I'll sit for rebuttal. That's the exact point, Your Honor, and I respectfully disagree you get to make that choice. The relatively weak defense is in derogation of Garcia. He has to have a plausible defense, and he has a declaration in the record, I think it's 58 to 59 of the ER, sorry, 78 to 79 of the ERs, that says, when I moved, I hired a lawyer to tell California I had left, I was resettling abroad, I told my father, I have witnesses, I can present them at trial. And you think that's not the most persuasive presentation? A jury's not going to find out there. And maybe you're right, Judge, but Garcia and Garcia Lopez and – Thank you for saying I might be right. But they say we don't look at it that way. We say whether he had a – that gave him a defense, and that defense is plausible, which is a low level on the liberal and generous standard. And I guess the last thing I'll say on that is when I look at Judge Snyder's orders, they're very careful. She worked very hard to deny relief. That is the opposite of a liberal and generous approach. If it's plausible and it's new, he gets to roll the dice with 12 in the box. I'll save my minute, and thank you, Your Honor. Okay, I'll give you two minutes for rebuttal. I appreciate that, Your Honor. Thank you. Good morning. Good morning. May it please the Court, Ilana Artson on behalf of the United States. As the Court has noted, the defendant pleaded guilty pursuant to a binding conditional plea agreement in which he agreed to waive any right to appeal his convictions with the exception of the one issue he preserved, and that was the right to appeal the dismissal of his motion to dismiss the indictment, which was based on a number of reasons, one of which he has raised on appeal. That was the issue decided in Lindsay, whether the Foreign Commerce Clause – I just heard him to say that Lindsay took care of that argument. Correct. So all we have left is the motion to withdraw the guilty plea, and this Court has consistently – But you have the appellate waiver, too. Yes. And you don't get to the motion to withdraw the plea unless you get past the waiver. Exactly, unless he can get past the appellate waiver, because this Court has consistently and repeatedly held that a motion to withdraw a guilty plea falls under that general appeal waiver. He says there's an inaccurate factual basis. So that argument is really tied up with the Lindsay issue, because the indictment in this case charged both commercial and non-commercial sex. His argument for why the indictment should be dismissed was that, A, the non-commercial prong is unconstitutional, and the commercial prong he had an inadequate factual basis. But that argument has now evaporated because the non-commercial prong is constitutional. So as long as he – Charged with both. And he was charged with both. So if it was not commercial sex, it was non-commercial sex. It doesn't matter after Lindsay. There's clearly a factual basis that he committed the conduct. So the counsel's arguing that you breached the agreement by arguing what you did on the non-commercial sex challenge. So there was no breach here because we have never argued that he was not entitled to appeal the issue that he preserved, which was the application of the Foreign Commerce Clause to the non-commercial prong. He made that argument. We responded. We never moved to dismiss on that ground. What we did was we made an argument on the merits as to why the district court did not err in denying the motion to dismiss the indictment. And the reason is that he was charged with both commercial and non-commercial sex. So even if the non-commercial prong falls away, his indictment is still valid because he can still be convicted on that commercial prong. And after his plea where he actually admitted that he engaged in commercial sex, that issue is foreclosed. So there's a difference between, and this is why we filed a 28-J letter on the Supreme Court's decision in Garza. There's a difference between the appellate proceeding he was entitled to and the claims that are made or the arguments that are raised in that appeal. We have never argued that he was not entitled to his proceeding. And that's why in the Garza case, the Supreme Court said, look, it is not a breach of a plea agreement for a defendant to file a notice of appeal, even if he has an appeal waiver, because he's entitled to that proceeding and he may have some claims that are outside of the waiver. And if he does, that's not a breach. Well, the same thing is true here. We have never argued that he wasn't entitled to his proceeding or to make the argument that he preserved. He made it. We responded to it. However, we did make an argument on the merits that that claim essentially did not have any merit and would not entitle him to any relief on a motion to dismiss because his indictment also charged commercial sex, and in fact he admitted to commercial sex. So the appeal waiver is valid. There is no exception to the appeal waiver. And for that reason, this Court should affirm the judgment and dismiss the portion of the appeal that challenges the claims raised in the motion to withdraw his guilty plea. Does the Court want... Why don't you address, just since it was talked about and while you have a little bit of time, assuming, let's say, he has the right to appeal if we didn't enforce the appeal waiver, why, assuming that Mr. Peter's right to appeal was not waived by his guilty plea, why wouldn't the amendment to 18 U.S.C. section 2432 provide a fair and just result for him to withdraw his plea? So there are... I would have three responses there. First of all, I would remind the Court that in low, this Court emphasized that an appeal waiver applies even if this Court thinks that the claims might be meritorious. And in this case, the defendant did not waive his right to bring a collateral challenge. He can still bring a collateral challenge, argue that he was actually innocent on 2255, and if he can make that showing, he can set aside his plea. The question is, can he withdraw it? And I would remind the Court that under Rule 11D, which is where the fair and just reason standard comes from, that is a pre-sentence standard. That standard does not apply on appeal. Once we've passed sentencing, which is where we are now, this claim being raised for the first time on appeal, the Pepe argument, the conviction can only be set aside on appeal for the reasons that would normally apply, meaning there's plain error. And then you would have to get into exactly the point that Your Honor raised, which is, can he make a showing of innocence? Can he show that his substantial rights were affected? And clearly here, he cannot, because as the District Court found at ER 22, he was nothing but a traveler. He was in Cambodia on a tourist visa. He was traveling around the country, staying at numerous hotels and guest houses. He told people he was there on vacation. When he was arrested, he had all of his belongings in a suitcase. If that is not a traveler, then I don't know what is. So the change in the law that Pepe established was something that happened on appeal, and therefore that fair and just reason standard doesn't apply. It's not about whether I had a change of heart and now I want to roll the dice. At this point, he has to make a showing that he's entitled, I think, under plain error review, and he can't make that showing. And then I also just want to comment on this holistic argument and step back and look at the entire indictment, because one count that has sort of been lost in the discussion here is count one, which is the 2423B count. That's the count involving travel with intent to engage in sex with minors. And that count is sort of an overall encompassing count that encompassed all of the conduct charge in counts two through six. And then we had count seven, which was the 2268 count, and that's the mandatory tenure for committing the other offenses while being required to register as a sex offender. So this residency idea, which is kind of what underlies his motion to withdraw the plea, that's really not applicable to the 2423B count. If he formed the intent in California when he left for Cambodia, as he clearly did since he was a registered sex offender, and he engaged in conduct en route in Thailand, and he engaged in more conduct two or three weeks later, that residency requirement, that residency argument, just doesn't apply to 2423B. And it wouldn't save him on the mandatory tenure either, because he was in California when he committed that count one offense and formed that intent, and so that mandatory tenure would apply. So again, this was a sentence bargain. The defendant was looking at a life sentence. He made a sentence bargain to 20 to 22 years. That bargain is about weighing all of these sort of possible roll-the-dice defenses. Yeah, but things change very significantly, it seems to me. This is a tough argument for you. I think you have a strong argument on waiver, but I think this one's much tougher. The government came back to the table, first of all, after the camp and after these changes, and the new offer was substantially more generous. Well, first of all, that is not in the record. The actual agreement is not in the record. But I would point out that there was a critical difference between the two agreements. The second agreement was not conditional. It did not reserve defendants' right to appeal the denial, to basically raise all of these constitutional claims that he wanted to raise. And those claims were not just the noncommercial. He also reserved the right to preserve, for further review of the Supreme Court, all of the constitutional claims that Clark had rejected regarding the commercial prong. And it's equally likely that he rejected the agreement because his best argument was to attack the statute as unconstitutional because he clearly was a traveler. This is a very tough argument. I think a much tougher argument. So could I circle back? I just have one more question on the appellate waiver argument. He's arguing that there was an inadequate factual basis. Did he raise that in the district court? He never argued that his factual basis was inaccurate in the district court. And obviously I don't think he could have because he agreed as part of his plea agreement not to contest the facts in his plea. I'm just following up on Judge Fisher's question. It sounds like your answer is he didn't. He did not. I appreciate that. Thank you, Your Honor. Thank you, Your Honor. I'll go to the hard question for Judge Christian since this is clearly about the strength of the waiver. I don't think the government really is doing justice to their brief. The first argument they make in their answering brief, this is page 17. Could you give me the ER site? No, this is the answering brief, their brief itself. Here, this one. This one, exactly. Okay, all right. And what they tell this court after the standard of review is on the constitutional question is because he was charged with both, the motion to dismiss was denied. That's their argument on the merits. And I think that's kind of incorrect because the idea behind the waiver was, or at least the noncommercial prong was, I don't want to go to trial on that, I want it narrowed. The judge said no. That's their argument about why that doesn't fly. Their next argument, helpfully labeled 3, says the guilty plea waived the challenge. Which page are you on now? Page 19. This is the heading, defendant's guilty plea waived his challenge based on noncommercial sex because he admitted in his plea agreement that he engaged in commercial sex act. That argument is the plea agreement that preserves it simultaneously waives it. They didn't argue that in the district court. That's an improper argument. It crosses the bounds of fair advocacy. We tricked you is the argument. And that's not fair. When we gave you the plea agreement that said you're preserving it, you're waiving it. Now, wait a minute. You cherry picked a few words in that brief. They clearly indicated that it waived any claim because the defendant's conduct was commercial sex. He waived his challenge, the constitutional challenge. Defendant's guilty plea, bracket, which preserved the challenge, close bracket, waived his challenge based on noncommercial sex because he admitted in his plea agreement that he engaged in commercial sex act. The second paragraph of that argument. Here, defendant's guilty plea waived any claim that the statute is unconstitutional as applied to him. The plea agreement that preserved it, waived it, unknown to Mr. Peters, that's a breach. There's no connection with his guilty plea that his conduct was commercial. You're cherry picking words. I'm reading the sentence verbatim. You want to stop in the middle of the sentence when it doesn't help you. Oh, the whole sentence helps me. The plea agreement that preserved it, they say waived it. Because the plea agreement pled to commercial sex. It doesn't matter for any reason, Your Honor. What's left here? You admitted it right off the bat. Lindsay knocked out your noncommercial sex argument. What's left here is the conviction under the plea for engaging in commercial sex. Correct? No. Here is the motion to withdraw the plea on three separate bases. You don't get to that yet. You don't get to that. What you have here is a conviction for engaging in commercial sex. I agree with that. Okay. You agree with that? I do. The government says you can't come here and argue that because you signed a waiver of your right to appeal. Everything that wasn't covered under the motion which challenged the noncommercial sex. Oh, the motion challenged both. Okay. And he reserved the right to the plea agreement. And he reserved the right expressly to challenge on appeal. Excuse me, Your Honor. I have a red tab. The plea agreement that he entered said that he had the ‑‑ this is what, paragraph 20? Oh, paragraph 20 is the withdrawal of the plea. I think it's paragraph 4. Here it is. Defendant and the USAO, this is ER 90, agree that defendant's entry of guilty pleas pursuant to paragraph 3A above will be conditional in that defendant reserves the right on appeal from the judgment to seek review of the adverse determination of defendant's motion to dismiss the indictment for alleged violation of the Commerce Clause, International Law, and the Due Process Clause, CR 55. If the defendant prevails on that appeal, he will be allowed to withdraw his guilty pleas. So my problem, I'll give you all the quotes full, Your Honor. The argument that the plea that preserved that challenge on appeal in fact waived it. And they make that argument twice. And I'm saying that is the briefs. They could argue that the first part of it without a problem, that he was guilty of it and what the Lindsay argument, why they prevail there, it doesn't apply, we're incorrect, there's enough connection to Farm and Commerce. They could argue all of that. But they can't say by entering the plea agreement and telling the judge under Rule 11, under penalty of perjury, that everything in this plea agreement is true and accurate and it's voluntary and he understands it, that by taking those acts, he in fact waived his right to challenge it before Your Honors. Okay, I'm going to stop you here and I want to make sure Judge Fitzgerald has his question. And I see I'm way over. All right. Thank you for your time, Your Honors. All right, this matter will stand submitted. Thank you both for your argument.
judges: Fisher, Callahan, Christen